IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROY LEE CAIN | § | |
| v. | § | CIVIL ACTION NO. 6:06cv534 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Roy Lee Cain, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cain is serving a 36-year sentence which was handed down on October 19, 1987. His habeas corpus petition does not challenge the legality of his conviction, but rather the circumstances of his release on mandatory supervision and the revocation of that status, as well as the concomitant loss of time credits in connection with this release and revocation.

Cain asserted that he was entitled to release on mandatory supervision after service of 1/3 of his sentence, or 12 years, but that he was not released until four years later. He says that all of his good time credits have been "forfeited" and that his time is being improperly calculated. Cain also complains that conditions of release were imposed upon him which did not exist in 1987 and therefore were "unauthorized." He also says that these conditions of release were only applicable to persons whose offense was against a child, which his was not. Finally, Cain argues that the revocation of his parole was improper because there was insufficient evidence to support the revocation, but the hearing officer relied on inadmissible evidence in the form of a polygraph exam.

Case 6:06-cv-00534-LED-JDL   Document 18   Filed 05/10/07   Page 2 of 7 PageID #:  521

The Magistrate Judge ordered the Respondent to answer Cain's petition, and an answer was filed.  Cain has filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on April 5, 2007, recommending that the petition be denied.  The Magistrate Judge observed first that much of Cain's petition was based upon an incorrect premise.  Cain insists that the law at the time of the commission of his offense provided for eligibility for release on mandatory supervision after service of 1/3 of the sentence, but in fact, the law in effect at that time provided for mandatory supervision eligibility when the calendar time served plus good time earned equals the maximum term of the sentence. Thus, to be eligible for release on mandatory supervision, Cain would have to accumulate flat time credits plus good time credits totaling 36 years, the maximum term of his sentence.  Cain's contention that he simply had to serve 12 years flat for such eligibility is simply incorrect.

Next, the Magistrate Judge said that Cain's claim regarding the "loss" of his good time was similarly without merit, because the purpose of good time was to make him eligible for release on parole or mandatory supervision, and once he was released, the good time had served its purpose.  At one time, good time could be restored, but Cain had no liberty interest in having this done.  Similarly, the Magistrate Judge said, Cain has no right to have restored the time he spent on mandatory supervision release, which was later revoked, because Texas law specifically provides that such time will not count toward the sentence.

Turning to Cain's complaints regarding the conditions of release, the Magistrate Judge pointed to a Fifth Circuit decision called Rieck v. Cockrell, 321 F.3d 487 (5th Cir. 2003), in which a habeas petitioner complained that he was subjected to a condition of release requiring him to attend counseling, which condition was required by a statute enacted after he was convicted.  The Fifth Circuit concluded that the legislation was not intended to be punitive and that it served non-punitive goals, and so rejected the petitioner's *ex post facto* challenge; the Magistrate Judge said that the same reasoning applied to Cain's *ex post facto* claims.

2

After reviewing the state court records, the Magistrate Judge concluded that Cain had failed to show that he was subjected to conditions of release which were specific to persons who had committed offenses against children. The Magistrate Judge further said that there was nothing unreasonable, or inconsistent with the laws in effect at the time of Cain's conviction, about a condition requiring a convicted sex offender to receive counseling. The Magistrate Judge also determined that Cain's equal protection claim was without merit.

Next, the Magistrate Judge reviewed Cain's complaints about the conduct of the revocation hearing. To the extent that Cain complained about violations of Texas evidentiary rules, the Magistrate Judge said that such claims did not afford a basis for federal habeas corpus relief. The Magistrate Judge also rejected Cain's claims that the evidence was insufficient and that he was improperly denied counsel at the revocation hearing.

Although Cain asserted that he was being improperly reviewed for release under the new law, the Magistrate Judge stated that this was based upon Cain's mistaken belief that he would be eligible for mandatory supervision after service of 1/3 of his sentence, which was inaccurate.

In the same vein, the Magistrate Judge said that Cain's claim that his plea agreement had been breached was without merit, because this also was based on the belief that the agreement included an implicit promise that he would be released after service of 1/3 of his sentence, but he was not. The Magistrate Judge observed that this belief was incorrect and that in any event, to the extent that Cain challenged the plea agreement in his original conviction, he had to secure permission from the Fifth Circuit to file a successive petition, and he also faced difficulties with the statute of limitations. The Magistrate Judge therefore recommended that Cain's petition be denied.

Cain filed objections to the Magistrate Judge's Report on April 19 and April 23, 2007. He says first that inmates sentenced between 1977 and 1987 were automatically released when they became eligible for mandatory supervision, but fails to show how this is relevant; he has failed to show that he was not released when he became eligible, when his calendar time plus good time totaled the maximum term of his sentence.

Next, Cain argues that the Rieck case is new, but that his case is almost 21 years old. He again fails to show that this is relevant; the reasoning in Rieck shows that he was not subjected to an *ex post facto* violation because the conditions placed upon him were non-punitive. This contention is without merit.

Third, Cain says that his revocation was improper because his release was revoked for possessing "sexually explicit material" in the form of Playboy magazines, but that to declare "sight unseen" that the magazines were sexually explicit is "mere conjecture." Cain also says that the polygraph evidence was inadmissible as a matter of law and that the investigator's statement that Cain kept the magazines for a while is a mis-statement of fact because he did not "own and control" them. These objections are without merit; Playboy magazines are sexually explicit by their very nature, the inadmissibility of the evidence is a matter of Texas law and thus provides no basis for federal habeas corpus relief, and Cain has not shown that the evidence at the hearing was insufficient to support the revocation of his parole.

Cain goes on to say that he had already served 1/3 of his sentence and that to make him serve it again is "double jeopardy," because he was already eligible for mandatory supervision. As stated above, the service of 1/3 of the sentence made him eligible for parole, not mandatory supervision. He has not shown that he is again eligible for release on mandatory supervision; he must show that his calendar time (which does not include credit for the time spent on mandatory supervision which was revoked) plus his good time (which does not count any good time earned prior to his release on mandatory supervision which was later revoked) equals 36 years, the maximum term of his sentence. Cain has made no such showing. As stated by the Magistrate Judge, the Fifth Circuit has held that calculating an inmate's sentence without credit for the time spent on parole or mandatory supervision which is later revoked is not a double jeopardy violation. Morrison v. Johnson, 106 F.3d 127, 129 and n.1 (5th Cir. 1997). This objection is without merit.

Cain challenges the Magistrate Judge's conclusion regarding the statute of limitations by saying that his claim regarding erroneous release only became ripe for review after the parole

4

revocation hearing, when he learned that his release had been under "the wrong Government Code." He concedes that his release was done in January of 2003, but says that this claim is saved from a time-bar by Tex. Code Crim. Pro. art. 11.07, section 4, which is the section of the Texas Code of Criminal Procedure which prohibits successive state habeas petitions. Cain fails to show how this section is applicable in the present case, nor that he could not have discovered his claim in a timely manner by the exercise of due diligence. This objection is without merit.

In his second set of objections, Cain again argues that he was subjected to double jeopardy, and says that he is "serving time twice for the same offense." He points to the revocation of the parole of another person, identified as James Haskins, and says that he has been subjected to double jeopardy by being put in a half-way house and then forfeiting the time spent there if the parole is revoked. This claim is raised for the first time in Cain's objections and is not properly before the Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). As stated above, the time spent on parole or mandatory supervision which is subsequently revoked does not count toward the term of the sentence, and this is not a double jeopardy violation. Morrison v. Johnson, 106 F.3d at 129 and n.1. Cain lacks standing to complain of the circumstances of Haskins' revocation, nor does he show the relevance of this revocation to his case. His objection on this point is without merit.

Cain also complains again of an *ex post facto* violation, saying that he was subjected to conditions which did not exist at the time of his condition. This claim is without merit because, as stated above, the conditions imposed upon him were non-punitive and served legitimate non-punitive interests. Rieck, 321 F.3d at 489.

Third, Cain argues that he has a liberty interest in his calendar time as well as his good time credits. He has not shown that he did not receive all of the calendar time credits to which he was entitled (excluding any credit for time spent on mandatory supervision which was later revoked, to which he is not entitled under Texas law), and his good time credits were used for the purpose for which they were intended, which was to accelerate his release on mandatory supervision.

5

Cain has no liberty interest in having these credits restored. Hallmark v. Johnson, 118 F.3d 1073, 1075-76 (5th Cir. 1997). This objection is without merit.

Fourth, Cain asserts that he has a liberty interest in release on mandatory supervision. While this may be true, he nonetheless has to be eligible for release on mandatory supervision in order to obtain such release. Such eligibility requires that Cain's calendar time plus his good time equal 36 years, the maximum expiration of his sentence. Cain has failed to show that he has accumulated sufficient time credits to be eligible for release on mandatory supervision, and his objection on this point is without merit.

Similarly, Cain argues that under the old law, after a revocation, "there was a 90-day turn-around and then you were back on the streets." No law which existed at the time of Cain's offense provided that inmates whose parole or mandatory supervision was revoked were entitled to be released again after service of 90 days. In addition, this claim is raised for the first time in Cain's objections and is not properly before the district court. Cain's objection on this point is without merit.

Finally, Cain appears to argue that the State has a pattern and practice of "arbitrarily and perfunctorily denying mandatory supervision" by "parroting the obligatory findings in Gov. Code 508.149." He says that "the nature of the offense is the poorest and least reliable indicator of future predictive behavior." However, Cain makes no showing that he has been denied release on mandatory supervision for these reasons; on the contrary, his pleadings make clear that he was in fact released to mandatory supervision, but that his release was later revoked, and Cain does not demonstrate that he has regained his eligibility for such release. His objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded

that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 10th day of May, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**